


JAN 27 2009

LAWRENCE K. BAERMAN, Clerk
UTICA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID KIRTON,

Petitioner,

vs.

9:08-CV-0719
(DNH)

ROBERT ERCOLE, Superintendent,

Respondent.

APPEARANCES: OF COUNSEL:

DAVID KIRTON
Petitioner, *pro se*

HON. ANDREW M. CUOMO
Office of the Attorney General
State of New York
Attorney for Respondent
120 Broadway
New York, NY 10271

ALYSON J. GILL, ESQ.
Assistant Attorney General

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

Presently before the Court is a motion to stay filed by petitioner, *pro se* David Kirton. Dkt. No. 9. In his application, petitioner requests that this action be stayed so he may file an amended pleading which asserts a *Batson* claim[1] after exhausting such a claim in the state courts. *Id.*

Respondent opposes the motion to stay and argues that such request should be denied because, *inter alia*, the *Batson* claim Kirton seeks to assert would be untimely in

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986). In *Batson*, the Supreme Court held that the purposeful exclusion of jurors based upon race violates the Equal Protection Clause of the Constitution. *Id.*, 476 U.S. at 84.

light of the one year statute of limitations imposed on petitions brought pursuant to 28 U.S.C. § 2254 as a result of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] *See* Respondent's Letter-Brief in Opposition to Motion to Stay (Dkt. No. 13) ("Resp. Opp.") at pp. 4-5.

One of the purposes of the AEDPA was to "advance the finality of criminal convictions." *See Mayle v. Felix*, 545 U.S. 644, 662 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 276 (2005)). Where, as here, a petitioner seeks a stay of a petition to exhaust a claim in state court and thereafter assert an otherwise untimely claim in an amended habeas petition, the petitioner must demonstrate that the proposed amendment is timely because it "relates back" to the claims he asserted in his original petition.[3] *See* Fed.R.Civ.P. 15(c);[4] *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 816 (2d Cir. 2000).

In *Mayle*, the Supreme Court interpreted the phrase "conduct, transaction, or occurrence," contained in Rule15(c) and specifically held that in the habeas context,

---

[2] Under the AEDPA, habeas petitions brought pursuant to 28 U.S.C. § 2254 must be asserted within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

[3] As respondent correctly notes, this action was brought by Kirton approximately eight days before the applicable statute of limitations expired. *See* Petition; *see also* Resp. Opp. at p. 2. After he filed his petition, Kirton did not file any other documents with the Court for more than one month. *See* Dkt. No. 3. Thus, his proposed *Batson* claim would necessarily be barred by the AEDPA's limitation period unless such claim relates back to his original petition.

[4] Rule 15(c) of the Federal Rules of Civil Procedure, which discusses the amendment of pleadings, states, in part, that:

(1) An amendment to a pleading relates back to the date of the original pleading when:

* * * * *

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading ....

*See* Fed.R.Civ.P. 15(c)(1)(B). The Federal Rules of Civil Procedure may properly be applied by federal district courts to habeas corpus proceedings brought pursuant to 28 U.S.C. § 2254. *See* Rule 11 *of the Rules* Governing Section 2254 Petitions.

such phrase does ***not*** refer to the petitioner's state court criminal trial, because such an interpretation would mean that "virtually any" proposed amendment to a habeas petition would "relate back" for purposes of Rule 15(c), because "federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." *Mayle*, 545 U.S. at 657 (citation omitted). The Supreme Court therefore determined that a proposed habeas claim "relates back" to a previous claim, within the meaning of Fed.R.Civ.P. 15, where the ground sought to be added by the amendment arises from "the same core facts as the timely filed claims." *Mayle*, 545 U.S. at 657.

Kirton's petition contains ten distinct grounds for relief, none of which refer or relate, in any way, to the jury selection at his trial. *See* Petition at attached pp. 16-20.[5] Since the *Batson* claim for which petitioner now seeks a stay plainly does not arise out of any "common core of operative facts" included by Kirton in his original pleading, it would be futile for him to amend his petition so as to assert a *Batson* claim. Since Kirton cannot prevail on the unexhausted claim for which he seeks the requested stay, his motion to stay will be denied. *Rhines*, 544 U.S. at 277 (federal courts are to deny applications to stay a § 2254 petition where the petitioner cannot prevail on the unexhausted claim for which the movant seeks the requested stay).

THEREFORE, it is

---

[5] The page numbers to which this Court refers are the page numbers generated by the Clerk when Kirton's petition was electronically filed.

ORDERED, that

1. Petitioner's motion to stay the current action (Dkt. No. 9) is DENIED; and

2. The Clerk shall serve a copy of this Order on parties by regular or electronic mail.

IT IS SO ORDERED.

United States District Judge

Dated: January 26, 2009
Utica, New York.